**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| MARY FOLEY, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>MARY WASHINGTON HEALTHCARE SERVICES, INC. d/b/a ODC RECOVERY SERVICES,<br><br>Defendant. | CIVIL NO. 3:21cv00239<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

**NATURE OF ACTION**

1. Plaintiff Mary Foley ("Plaintiff") brings this putative class action against Defendant Mary Washington Healthcare Services, Inc. d/b/a ODC Recovery Services ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of all others similarly situated.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

1

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. In order to protect consumers and ensure compliance by debt collectors, "[t]he FDCPA is a strict liability statute that prohibits false or deceptive representations in collecting a debt, as well as certain abusive debt collection practices." *McLean v. Ray*, 488 F. App'x 677, 682 (4th Cir. 2012).

6. The FDCPA must be construed liberally to affect its remedial purpose. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 393 (4th Cir. 2014)

7. "By providing prevailing plaintiffs statutory and actual damages, as well as reasonable attorney's fees, Congress plainly intended to regulate unscrupulous conduct by encouraging consumers who were the target of unlawful collection efforts to bring civil actions." *Id.*; *See also Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982) (Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act.").

8. Whether a communication violates the FDCPA "is determined from the vantage of the 'least sophisticated consumer,'" an objective standard that considers how the hypothetical "least sophisticated consumer would interpret the allegedly offensive language." *Russell*, 763 F.3d at 394.

9. This test "comports with basic consumer protection principles[, as] '[t]he basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (*quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Virginia and City of King George.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff's alleged obligations arise from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes—namely, personal medical services.

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. Alternatively, Defendant is a creditor, who in the process of collecting its own debts, uses a name other than its own—ODC Recovery Services—which indicates that a third person is collecting or attempting to collect such debts.

19. In connection with the collection of an alleged debt, Defendant sent Plaintiff written communication dated April 17, 2020.

20. A true and correct copy of Defendant's April 17, 2020 letter is attached as Exhibit A.

21. Defendant's April 17, 2020 letter identifies the creditor as "MWMG SLEEP MEDICINE." Exhibit A.

22. Defendant's April 17, 2020 letter was its initial communication with Plaintiff with respect to the debt allegedly owed to MWMG Sleep Medicine (the "Sleep Medicine Debt").

23. The body of Defendant's April 17, 2020 letter begins: "Your overdue bill for services rendered by MWMG SLEEP MEDICINE has been referred to our office for collection." Exhibit A.

24. Upon receiving Defendant's April 17, 2020 letter, the least sophisticated consumer would reasonably believe that O.D.C. Recovery Services was a third party debt collector retained by creditor MWMG Sleep Medicine to collect the alleged debt.

25. Defendant's April 17, 2020 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a). Exhibit A.

26. Defendant's April 17, 2020 letter states, in relevant part: "Unless you notify this office *in writing* within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." Exhibit A (emphasis added).

27. In connection with the collection of an alleged debt, Defendant sent Plaintiff written communication dated May 20, 2020.

28. A true and correct copy of Defendant's May 20, 2020 letter is attached as Exhibit B.

29. Defendant's May 20, 2020 letter identifies the creditor as "MARY WASHINGTON HOSPITAL." Exhibit B.

30. Defendant's May 20, 2020 letter was its initial communication with Plaintiff with respect to the debt allegedly owed to Mary Washington Hospital (the "Hospital Debt").

31. The body of Defendant's May 20, 2020 letter begins: "Your overdue bill for services rendered by Mary Washington Hospital has been referred to our office for collection." Exhibit B.

32. Upon receiving Defendant's May 20, 2020 letter, the least sophisticated consumer would reasonably believe that O.D.C. Recovery Services was a third party debt collector retained by creditor Mary Washington Hospital to collect the Hospital Debt.

33. Defendant's May 20, 2020 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a). Exhibit B.

34. Defendant's May 20, 2020 letter states, in relevant part: "Unless you notify this office *in writing* within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." Exhibit B (emphasis added).

35. In connection with the collection of an alleged debt, Defendant sent Plaintiff written communication dated July 21, 2020.

36. A true and correct copy of Defendant's July 21, 2020 letter is attached as Exhibit C.

37. Defendant's July 21, 2020 letter identifies the creditor as "Mwmg Orthopedics – Fall Hill." Exhibit C.

38. Defendant's July 21, 2020 letter was its initial communication with Plaintiff with respect to the debt allegedly owed to Mwmg Orthopedics (the "Orthopedics Debt").

39. The body of Defendant's July 21, 2020 letter begins: Your overdue bill for services rendered by Mwmg Orthopedics – Fall Hill has been referred to our office for collection." Exhibit C.

40. Upon receiving Defendant's July 21, 2020 letter, the least sophisticated consumer would reasonably believe that O.D.C. Recovery Services was a third party debt collector retained by creditor Mwmg Orthopedics – Fall Hill to collect the Orthopedics Debt.

41. Defendant's July 21, 2020 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a). Exhibit C.

42. Defendant's July 21, 2020 letter states, in relevant part: "Unless you notify this office *in writing* within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." Exhibit C (emphasis added).

43. Each of Defendant's letters falsely state that any dispute must be in writing.

44. On or around June 11, 2020 and in connection with the collection of an alleged debt, Defendant sent Plaintiff subsequent correspondence in an envelope that disclosed Defendant's business name—ODC Recovery Services.

45. A true and correct copy of Defendant's envelope is attached as Exhibit D.

## CLASS ALLEGATIONS

46. Plaintiff repeats and re-alleges all factual allegations above.

47. Defendant's April 17, 2020, May 20, 2020, and July 21, 2020 letters are based on a form or template (the "Letter Template") used to send an initial written communication to a consumer.

48. Defendant has used the Letter Template to send initial collection notices to at least 40 individuals in the State of Virginia within the one year prior to the filing of this complaint.

49. The envelope or stamp on the envelope used to send Plaintiff subsequent correspondence on or around June 11, 2020 is based on a form or template (the "Envelope Template") used to send written communication to a consumer in connection with the collection of an alleged debt.

50. Defendant has used the Envelope Template to send letters to at least 40 individuals in the State of Virginia within the one year prior to the filing of this complaint in connection with the collection of an alleged debt.

51. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following classes:

> **Letter Class:** All individuals with a Virginia address to whom Defendant sent an initial collection letter based on the Template, within one year before the date of this complaint, and in connection with the collection of a debt.
>
> **Envelope Class:** All individuals with a Virginia address to whom Defendant sent correspondence in an envelope using the Envelope Template, within one year before the date of this complaint, and in connection with the collection of a debt.

52. The proposed classes specifically exclude the United States of America, the State of Virginia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fourth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

53. The classes are averred to be so numerous that joinder of members is impracticable.

54. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

55. The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

56. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

57. The claims of Plaintiff are typical of the claims of the classes she seeks to represent.

58. The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

59. Plaintiff possesses the same interests and has suffered the same injuries as each class member.

60. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

61. Plaintiff will fairly and adequately protect the interests of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

62. Plaintiff is willing and prepared to serve this Court and the proposed classes.

63. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

64. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

65. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

66. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

67. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

68. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

69. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(3)

70. Plaintiff repeats and re-alleges each factual allegation above.

71. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

72. "Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not." *Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 490 (4th Cir. 2014).

73. "The plain language of subsection (a)(3) indicates that disputes need not be made in writing . . . ." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

74. Defendant violated 15 U.S.C. § 1692g(a)(3) by advising that any dispute must be in writing to stop Defendant from assuming the validity of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operative complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(3) with respect to Plaintiff and the Letter Class;

c) Awarding Plaintiff and the Letter Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

    e) Awarding all other Letter Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii)

    f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

    g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(8)

75. Plaintiff repeats and re-alleges each factual allegation above.

76. The FDCPA prohibits the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8).

77. Defendant violated 15 U.S.C. § 1692f(8) when it sent a collection letter in an envelope that disclosed Defendant's business name, thus indicating that it is in the debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operative complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692f(8) with respect to Plaintiff and the Envelope Class;

c) Awarding Plaintiff and the Envelope Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other Envelope Class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii)

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

78. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 8, 2021.

Respectfully submitted,

<u>s/ James E. Bowman, II</u>
James E. Bowman, II (VSB No. 72752)
P.O. Box 2081
Ashland, VA 23005
Telephone: (804) 977-2753
Facsimile: (866) 317-2674
jbowman@ThompsonConsumerLaw.com
Lead Counsel for Plaintiff

Co-counsel with:
Thompson Consumer Law Group, PC
11445 E. Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
tclg@ThompsonConsumerLaw.com
