IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARY FOLEY, *on behalf of herself
and all others similarly situated*,
    Plaintiff,

v.                                    Civil Action No. 3:21-cv-239

MARY WASHINGTON HEALTHCARE
SERVICES, INC. d/b/a ODC RECOVERY
SERVICES,
    Defendant.

## OPINION

Mary Foley, a patient of Mary Washington Healthcare Services, Inc. ("Mary Washington"), received several pieces of mail between April and July 2020 that communicated efforts to collect debt arising from medical services Foley received from Mary Washington. Foley brings this suit, alleging that these pieces of mail violated portions of the Fair Debt Collection Practices Act ("FDCPA"). Mary Washington moves to dismiss Foley's complaint because, according to Mary Washington, Foley lacks standing to bring this suit and fails to state a claim under the FDCPA. The Court, however, disagrees and will deny Mary Washington's motion to dismiss.

## I. FACTS ALLEGED IN THE COMPLAINT

Foley received personal medical services from Mary Washington. Foley then received at least four communications in the mail pertaining to an alleged debt arising from these services. First, a letter dated April 17, 2020 (the "April letter"), listed "MWMG Sleep Medicine" as the creditor and explained that an overdue bill "ha[d] been referred to our office for collection." (ECF

No. 1-1.)[1] The April letter advised Foley that unless she notified the listed office "in writing within 30 days after receiving this notice that [she] dispute[s] the validity of this debt or any portion thereof, th[e] office [would] assume" the debt's validity. (*Id.*) The upper left-hand corner of the letter displayed "Mary Washington Healthcare" in large font with "ODC Recovery Services" in smaller font below.

Foley received a similar letter dated May 20, 2020 (the "May letter"). The May letter listed "Mary Washington Hospital" as the creditor and explained that an "overdue bill for services rendered by Mary Washington Hospital ha[d] been referred to our office for collection." (ECF No. 1-2.) Just as with the April letter, the May letter advised Foley that unless she notified the listed office "in writing within 30 days after receiving this notice that [she] dispute[s] the validity of this debt or any portion thereof, th[e] office [would] assume" the debt's validity. (*Id.*) Again, the upper left-hand corner of the letter displayed "Mary Washington Healthcare" in large font with "O.D.C. Recovery Services" in smaller font below.

Foley received another communication on or around June 11, 2020 (the "June envelope"). The envelope containing the communication listed, in the upper left-hand corner, "Mary Washington Healthcare" in large font with "ODC Recovery Services" in smaller font below. The upper left-hand corner also contained one address. (*See* ECF No. 4.)

Finally, Foley received another communication dated July 21, 2020 (the "July letter"). This letter listed "Mwmg Orthopedics - Fall Hill" as the creditor and explained that an "overdue bill for services rendered by Mwmg Orthopedics - Fall Hill ha[d] been referred to our office for collection." (ECF No. 1-3.) Just as with the April and May letters, the July letter advised Foley

---

[1] The Court may "consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." *Sec's of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

that unless she notified the listed office "in writing within 30 days after receiving this notice that [she] dispute[s] the validity of this debt or any portion thereof, th[e] office [would] assume" the debt's validity. (*Id.*) Again, the upper left-hand corner of the letter displayed "Mary Washington Healthcare" in large font with "O.D.C. Recovery Services" in smaller font below.

## II. DISCUSSION[2]

Foley's complaint contains two counts. In Count I, Foley alleges that because the April, May, and July letters state that she must dispute the debt in writing, they violate 15 U.S.C. §

---

[2] Because Mary Washington "filed its answer to [Foley's complaint] and its motion to dismiss simultaneously, [Mary Washington] should have filed the motion under [Federal Rule of Civil Procedure] 12(c) as one for judgment on the pleadings." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). The Court, therefore, will construe the motion as brought under Rule 12(c), "which is assessed under the same standard that applies" to a Rule 12(b) motion. *Id.; see* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2021) (explaining that district judges will treat a Rule 12(c) motion "as if it had been brought under Rule 12(b)(1)" or 12(b)(6)).

Mary Washington moves to dismiss the complaint pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges a complaint's sufficiency without resolving any questions about the facts or testing the claims' merits. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering the motion, the court must accept all allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The principle that the court must accept all allegations as true, however, does not apply to conclusory statements and legal conclusions. *See Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a facially plausible claim to relief. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A 12(b)(1) motion challenges the court's jurisdiction over the complaint's subject matter. A defendant who moves for dismissal for lack of subject matter jurisdiction may attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *White v. CMA Constr. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). When considering a 12(b)(1) motion, the court affords the allegations in the plaintiff's complaint the same procedural protection as it does when it considers a 12(b)(6) motion. *Id.* Defendants can also challenge a plaintiff's standing under Rule 12(b)(1). *Taubman Realty Grp. Ltd. P'ship v. Mineta*, 320 F.3d 475, 481 (4th Cir. 2003). The plaintiff has the burden of proving the existence of subject matter jurisdiction and standing. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

3

1692g(a)(3). In Count II, she claims that the June envelope—by listing "ODC Recovery Services" in its upper left-hand corner—violates 15 U.S.C. § 1692f(8).

Mary Washington offers two arguments in support of its motion to dismiss Foley's complaint. First, Mary Washington contends that Foley lacks standing to bring this suit. Second, Mary Washington argues that Foley's complaint fails to state a claim because Mary Washington does not qualify as a "debt collector" under the FDCPA and because Foley does not allege that Mary Washington has committed some act or omission that violates the FDCPA.

### A. Standing

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. Though "several doctrines . . . have grown up to elaborate [the cases and controversies] requirement," the one "that requires a litigant to have 'standing' . . . is perhaps the most important." *Allen v. Wright*, 468 U.S. 737, 750 (1984). The standing doctrine's purpose "is to ensure that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate." *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 319 (4th Cir. 2002) (citation omitted). The requirement of standing has three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). As the Supreme Court has "emphasized repeatedly," an injury in fact "must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is distinct and palpable, as opposed to merely [a]bstract." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (alteration in original)

(cleaned up). The party invoking federal jurisdiction—here, Foley—"bears the burden of establishing these [standing] elements." *Lujan*, 504 U.S. at 561 (citation omitted).

Mary Washington limits its standing argument to the injury-in-fact requirement. Specifically, Mary Washington claims that Foley "does not allege any facts to demonstrate that [she] suffered a concrete, tangible harm," sufficient to establish Article III standing. (ECF No. 9, at 7.)

Foley, however, argues that she suffered two different types of injury: an informational injury and disclosure of private information. First, Foley alleges that she suffered an informational injury (i.e., she did not receive required information) when she received the April, May, and July letters, all of which instructed her that unless she notified the office listed on the letter "in writing within 30 days after receiving this notice that [she] dispute[s] the validity of this debt or any portion thereof, th[e] office [would] assume" the debt's validity. (ECF Nos. 1-1, 1-2, 1-3.) Of course, the FDCPA does not restrict how consumers may dispute alleged debt; they may do so in writing or orally. *See Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 491 (4th Cir. 2014). Foley likens this "misrepresentation of her rights" to fraud by Mary Washington. (ECF No. 15, at 4.) Second, Foley says that the June envelope—which displayed "ODC Recovery Services"—disclosed private information (the existence of the alleged debt) to anyone who saw her mail. *See DiNaples v. MRS BPO, LLC*, 934 F.3d 275, 279 (3d Cir. 2019) (explaining that "the invasion of privacy . . . 'is closely related to harm that has traditionally been regarded as providing a basis in English and American courts.'" (quoting *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2019)).

Accepting as true all facts that Foley alleges in her complaint and drawing all reasonable inferences in her favor, the Court finds that Foley has standing to bring this suit. As to Count I,

which challenges the letters' guidance about how Foley could dispute the debt, the Court need not delve into whether the instruction that Foley dispute her debt *in writing* amounts to an informational injury because Foley alleges an economic injury, albeit a nominal one.[3] The Court draws the reasonable inference that when the April, May, and July letters instructed Foley to dispute the debt in writing, she did so. This required Foley to buy a stamp, thereby incurring an economic injury she need not have suffered had Mary Washington advised her that she could dispute her debt orally.[4]

Regarding Count II, the Court draws three reasonable inferences that satisfy Foley's standing to challenge the June envelope's display of ODC Recovery Services. First, Foley received this envelope through the mail. Second, numerous mail couriers ferried this mail from Mary Washington to Foley's home. And third, these mail couriers may have looked at the June envelope and concluded that Foley owed a debt that ODC Recovery Services sought to collect. These reasonable inferences result in the disclosure of Foley's private information sufficient to establish Article III standing at this stage of litigation for Count II.[5]

---

[3] Although Foley could dispute "in writing" electronically, none of the letters in dispute included an email address for that purpose. Accordingly, the Court draws the reasonable inference in Foley's favor that she used or purchased a stamp to mail her written dispute to Mary Washington.

[4] *See United States v. Students Challenging Regul. Agency Procs. (SCRAP)*, 412 U.S. 669, 689 n.14 ("[A]n identifiable trifle is enough for standing."); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) ("Any monetary loss suffered by the plaintiff satisfies [the injury-in-fact element]; '[e]ven a small financial loss' suffices." (second alteration in original) (quoting *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 85 (2d Cir. 2013))).

[5] A plaintiff who receives a communication that allegedly violates § 1692f(8) has suffered a concrete injury sufficient for standing because a violation of the statute results in the disclosure of private information, a harm "traditionally recognized as providing a basis for lawsuits in American courts." *Transunion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("Various intangible harms can also be concrete. . . . Those include, for example, . . . disclosure of private information . . . ."); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016) ("The violation of a procedural right

Thus, the Court finds Foley's complaint alleges sufficient injuries in fact to demonstrate her standing to survive this stage of litigation. The Court notes, however, that "the proof required to establish standing increases as the suit proceeds." *Davis*, 554 U.S. at 734.

### *B. Failure to State a Claim*

To establish an FDCPA violation, the plaintiff must show that (1) the debtor is a consumer as defined in §1692a(3), (2) the defendant is a debt collector as defined in §1692a(6), and (3) the defendant has committed some act or omission violating the statute.[6] *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997). Courts evaluating FDCPA claims apply the "least sophisticated consumer" standard. *Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 3d 813, 818 (E.D. Va. 2014) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 138 (4th Cir. 1996)). This standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* (quoting *Nat'l Fin. Servs., Inc.*, 98 F.3d at 136).

#### *1. "Debt Collector"*

First, Mary Washington argues that Foley fails to demonstrate that Mary Washington is a "debt collector" under the FDCPA. Section 1692(a)(6) of Title 15 of the U.S. Code defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any

---

granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress . . . ."); *Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (referring to such a procedural right and explaining that the plaintiff's allegation that the debt collector violated § 1692f(8) "'is sufficient in and of itself to constitute concrete injury' without the further allegation of an *additional* harm beyond the one Congress has identified'" (quoting *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 756 (6th Cir. 2018))); *DiNaples v. MRS BPO, LLC*, 934 F.3d 275, 279–80 (3d Cir. 2019) (same).

[6] Mary Washington does not dispute that Foley qualifies as a "consumer" under the FDCPA.

business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." This includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.*

According to Mary Washington, the least sophisticated consumer would have thought, after receiving the April, May, and July letters or the June envelope, that an "in-house collections department" of Mary Washington sought to collect its own debt. (ECF No. 9, at 11.) Drawing all reasonable inferences in Foley's favor, however, the Court disagrees. Although "Mary Washington Healthcare" appears in large font above "ODC Recovery Services" on each letter and on the envelope, the least sophisticated consumer could have determined that ODC Recovery Services is a separate entity from Mary Washington that seeks to collect debt for the latter. Because the least sophisticated consumer could have reached this conclusion, Mary Washington falls within the FDCPA's definition of "debt collector"; Mary Washington sought to collect its own debts by using a name other than its own—ODC Recovery Services—"which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692(a)(6).

### 2. *FDCPA Violations*

Finally, Mary Washington argues that Foley fails to allege that Mary Washington has committed some act or omission violating the FDCPA in either Count I or Count II.

#### a. Count I: Violation of 15 U.S.C. § 1692g(a)(3)

Foley claims that Mary Washington violated § 1692g(a)(3) by stating, in the May, April, and July letters, that any dispute of the debt must be made in writing. "Section 1692g(a)(3) requires that a dunning letter contain 'a statement that unless the consumer, within thirty days after

8

receipt of the notice disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.'" *DeCapri v. L. Offs. of Shaprio Brown & Alt, LLP*, No. 3:14cv201, 2014 WL 4699591, at *5 (E.D. Va. Sept. 19, 2014). When courts evaluate a collection notice's compliance with § 1692, they must "examine[ the communications at issue] as [a] whole, not sentence-by sentence." *Fariasantos*, 2 F. Supp. 3d at 818 (quoting *Vitullo*, 684 F. Supp. 2d at 756)). Section 1692g(a)(3) does not require that a consumer dispute the debt in writing; she may also do so orally. *See Clark*, 741 F.3d at 491. And although § 1692(g) does *not* require "that a debt collector quote the language of § 1692(a) verbatim," *Fariasantos*, 2 F. Supp. 3d at 818 (quoting *Vitullo v. Mancini*, 684 F. Supp. 2d 747, 756 (E.D. Va. 2010)), it remains unclear whether, in the Fourth Circuit, collection notices that state disputes must be made in writing violate § 1692g. *See Clark*, 741 F.3d at 491.

The Court has reviewed the April, May, and July letters. Although each letter provides office hours and a telephone number, which suggest the opportunity for an in-person visit or a phone call, the letter also states that "[u]nless [the letter recipient] notif[ies] this office in writing within 30 days . . . that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." (ECF Nos. 1-1, 1-2, 1-3.) Thus, when viewed as a whole, even a sophisticated consumer would understand this notice to require her to dispute any debt *in writing*. This Court follows the Fourth Circuit's lead by allowing this claim—that Mary Washington's collection notices violate § 1692g by stating that recipients must dispute debt "in writing"—to survive this motion to dismiss. *Clark*, 741 F.3d at 491; *see also Higgins v. Quality Recovery Servs., Inc.*, No. 1:17cv2581, 2018 WL 1840200, at *3 (N.D. Ga. Feb. 13, 2018) (explaining that in *Clark*, the Fourth Circuit allowed a plaintiff's claim, which alleged that a collection notice stating that disputes must be made "in writing" violated § 1692g, to survive a motion to dismiss).

9

### b. Count II: Violation of 15 U.S.C. § 1692f(8)

Foley alleges that Mary Washington also violated 15 U.S.C. § 1692f(8), "which prohibits a debt collector from using its business name on any envelope when communicating with a consumer by mail, if the name indicates that it is in the debt collection business." *Bickley v. Gregory*, No. 2:16cv131, 2016 WL 6306148, at *6 (E.D. Va. Oct. 7, 2016). Congress intended for this provision "to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection." *Id.* (quoting *Rutya v. Collection Accts. Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979)).

The upper left-hand corner of the July envelope displays "Mary Washington Healthcare" in large font and "ODC Recovery Services" in smaller font below. (ECF No. 4.) According to Mary Washington, the "use of 'recovery services' in conjunction with its own name and logo falls far short of a conspicuous debt collector indicator." (ECF No. 9, at 13.) Indeed, Mary Washington argues that "the word 'recovery' in conjunction with hospital services brings to mind several other medical and behavioral services that a hospital provides"—not debt collection. (*Id.*) But Foley contends that "a substantial number of debt collectors include [the word 'recovery'] in their name." (ECF No. 12, at 10.) She cites numerous cases in support, including *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443 (6th Cir. 2014) (debt collector); *Walker v. National Recovery, Inc.*, 200 F.3d 500 (7th Cir. 1999) (debt collection agency); *Chauncey v. JCR Recovery Corp.*, 118 F.3d 516 (7th Cir. 1997) (debt collection agency); *Palmer v. Dynamic Recovery Solutions, LLC*, No. 6:15cv59, 2016 WL 2348704 (M.D. Fla. May 4, 2016) (debt collector); and *Strouse v. Enhanced Recovery Co., L.L.C.*, 956 F. Supp. 2d 627 (E.D. Pa. 2013) (debt collector).

Drawing all reasonable inferences in the plaintiff's favor, the Court finds that the least sophisticated consumer considering the July envelope could conclude that ODC Recovery

Services, based on the name alone, is a debt collection business. Although "ODC Recovery Services" appears below "Mary Washington Healthcare" and in smaller font, neither its placement nor its size renders this conclusion unreasonable. Accordingly, Foley adequately alleges that Mary Washington violated § 1692f(8).

*     *     *

The Court, therefore, finds that both Count I and Count II of Foley's complaint state a claim for FDCPA violations.

## IV. CONCLUSION

For the reasons stated herein, the Court will deny Mary Washington's motion to dismiss. The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 28 Jul 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

11